IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PATTY L. THEDE,

               Plaintiff,

      vs.

DAVID BERNHARDT, SECRETARY
TO THE UNITED STATES
DEPARTMENT OF INTERIOR,

               Defendant.

Case No. 3:17-cv-00249 RRB

**ORDER REGARDING MOTION FOR
SUMMARY JUDGMENT;
DISMISSING COUNTS 1 & 3**
**(Docket 26)**

       This matter was filed on November 27, 2017, alleging "Sex and Disability Discrimination and Retaliation in Federal Employment."[1]  Defendant filed a motion for summary judgment on June 26, 2020.[2]  Following several extensions of time, Plaintiff filed a 77-page Opposition supported by 565 pages of exhibits,[3] to which Defendant has replied.[4]

### I.  FACTUAL BACKGROUND

       The underlying allegations that gave rise to the 2017 Complaint occurred in 2011 and 2012.  The 59-page Complaint alleges acts of employment discrimination and retaliation perpetrated against Plaintiff by her employer, the Department of the Interior

---

[1]  Docket 1.
[2]  Dockets 26, 27, 28.
[3]  Dockets 40, 42.
[4]  Docket 46.

("DOI"), between 2011 and her termination in 2013.[5] Although Plaintiff was employed by the DOI beginning in 2008, her Complaint does not allege workplace difficulties until the arrival of a new supervisor on January 3, 2011.[6] She alleges that he "treated her less favorably than other employees under his supervision,"[7] and that he "stared at her breasts" on two occasions in 2011.[8] She further alleges that he "humiliated" her verbally, informing her that she could not enter his office without an escort in light of the foregoing allegations. She complains that she repeatedly was accused of creating a hostile work environment, quoting the written complaints verbatim, and complains that those allegations against her all are false.[9]

Plaintiff filed EEOC complaints in 2011 and 2012, alleging sexual harassment and discrimination on the basis of physical disability and gender.[10] Her Complaint before this Court alleges sex discrimination, retaliation for engaging in protected activities, violation of the Rehabilitation Act of 1973 (for failure to grant leave for medical appointments and failing to grant reasonable accommodations for her pain), and hostile work environment.[11]

In contrast, Defendant's Motion for Summary Judgment describes a work environment that was hostile in significant part due to Plaintiff's own behaviors, and

---

[5] Docket 1.
[6] The Court notes that Plaintiff's April 2011 EEOC Complaint references a previous grievance filed by Plaintiff on March 3, 2010. Docket 28-9 at 15.
[7] Docket 1 at ¶ 10.
[8] *Id.* at ¶¶ 21, 28.
[9] *See generally* Docket 1.
[10] Docket 27 at 8, 17; Docket 28 at Exhibits H (3/31/2011 EEOC Complaint), QQ (7/30/2012 EEOC Complaint). The 2011 EEOC Complaint also references a 2010 grievance.
[11] Docket 1 at 53–57.

*Thede v. Bernhardt*                                                                                          Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                          Page 2
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 2 of 19

includes discussion of several complaints directed toward Plaintiff by her coworkers—issues of anger management and fear of violence, and destruction of a government copier by Plaintiff.[12] Plaintiff allegedly "repeatedly accused coworkers of fraud, waste, and abuse but refused to provide evidence to support her accusations."[13] Plaintiff allegedly routinely locked her office, which prevented coworkers from accessing files, and disrupted the workday of coworkers to complain about her dissatisfaction with the workplace and management.[14] Plaintiff was issued Letters of Concern and Reprimand, and was suspended for five days in July 2011 for violating the directive not to disrupt her coworkers.[15] Another worker was reprimanded for "startling" Plaintiff and was required to apologize to her. Other workers were reminded that "everyone should have a comfortable, safe and secure workplace," after Plaintiff complained about discussions about "clubbing fish" and "knives."[16] A third party "Climate Assessment" was performed in 2011.[17] The report found "a significant amount of unresolved conflict within the organization that is adversely affecting morale and communication."[18] It recommended, among other things, that OAS "[e]stablish standards of acceptable behavior and communication for proper workplace conduct and enforce them consistently" and "[t]ake steps to immediately address concerns of workplace violence."[19] Plaintiff was terminated on May 3, 2013.[20]

---

[12] Docket 27 at 8.
[13] Docket 27 at 9, citing Exhibit S 1-3.
[14] *Id.*
[15] Docket 27 at 10–11.
[16] Docket 27 at 12.
[17] Docket 28-17, Exhibit Q.
[18] *Id*. at 3.
[19] *Id*. at 4.
[20] Docket 27 at 21.

*Thede v. Bernhardt*                                                                                   Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                          Page 3
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 3 of 19

## II. SUBJECT MATTER JURISDICTION

If the court lacks subject matter jurisdiction over a claim, it must be dismissed.[21] In order to establish subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge.[22] Accordingly, this Court's jurisdiction in this matter is limited to (1) the specific claims Plaintiff presented to the EEOC, (2) claims "like or reasonably related to" the claims Plaintiff presented to the EEOC, and (3) claims within the scope of an EEOC investigation that reasonably could be expected to grow out of Plaintiff's EEOC claim.[23] "In determining whether an allegation under Title VII is like or reasonably related to allegations contained in a previous EEOC charge, the court inquires whether the original EEOC investigation would have encompassed the additional charges."[24] Finally, in determining whether a claim has been exhausted, the language of EEOC charges is construed "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading."[25]

Defendant alleges that Counts 2 and 3 of Plaintiff's Complaint were not exhausted before the EEOC, and that therefore this Court lacks jurisdiction over those claims. Plaintiff alleges in Count 2 that she was retaliated against for complaining of

---

[21]  Fed. R. Civ. Pro. 12(b)(1).

[22]  *B.K.B. v. Maui Police Dept*., 276 F.3d 1091, 1099 (9th Cir. 2002).

[23]  *Id.* at 1100 ("Subject matter extends over all allegations of discrimination that either 'fell within the scope of the EEOC's *actual* investigation or an EEOC investigation *which can reasonably be expected to grow out of the charge of discrimination.*'") (citation omitted) (emphasis original).

[24]  *Green v. Los Angeles County Superintendent of Schools*, 883 F.3d 1472, 1476 (9th Cir. 1989).

[25]  *B.K.B.*, 276 F.3d at 1100 (citation omitted).

*Thede v. Bernhardt*                                                                              Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                Page 4
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 4 of 19

discriminatory practices against her by "revealing to co-workers" her EEOC charge of discrimination, "subjecting her to numerous warning letters" specifically mentioning her accusations of discrimination to the EEOC, and the use of those warning letters "in progressive discipline to culminate in suspension and termination for engaging in protected activity."[26] Defendant alleges that because Plaintiff's May 2013 termination post-dates the EEOC investigation, her claim that she was terminated as the result of participating in protected activity was not "like or reasonably related to" the claims she presented to the EEOC or reasonably expected to grow out of the investigation of those claims.[27] But the Court notes that Plaintiff's July 23, 2012, EEOC complaint specifically stated: "I fear that my termination is eminent [sic] due to my participation in EEO activity."[28] Had Defendant terminated Plaintiff *prior* to the EEOC concluding its investigation, instead of waiting until after, Plaintiff's termination likely would have been investigated by the EEOC as part of her existing claim.[29] This Court finds that Plaintiff's claim that she was terminated as the result of participating in protected activity was "like or reasonably related to" the claims she presented to the EEOC, and reasonably expected to grow out of the investigation of those claims. Accordingly, Defendant's motion to dismiss Count 2 for lack of subject matter jurisdiction is denied, and the Court will consider the merits below.

With respect to Count 3, the question of subject matter jurisdiction is a closer call. The Complaint alleges that Defendant violated the Rehabilitation Act when Plaintiff's

---

[26] Docket 1 at 54–55.
[27] Docket 27 at 21.
[28] Docket 28-43 at 2.
[29] Indeed, Defendant's timing concerning Plaintiff's termination could have been strategic, to avoid EEOC review of Plaintiff's termination. This is not an issue the Court can resolve on summary judgment.

*Thede v. Bernhardt*                                                                 Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                  Page 5
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 5 of 19

requests for leave to attend medical appointments were ignored or denied.[30]  Defendant

argues that although Plaintiff's April 2011 EEOC complaint alleged discrimination due to

her physical disability, specifically "knees and hip pain," she did not mention denial of

leave for medical appointments in that EEOC complaint or during the subsequent

investigation.[31]  But this Court posits that failure to mention denial of leave specifically for

medical appointments may not be fatal to Plaintiff's claim.  The April 2011 EEOC

complaint reveals specific allegations of ongoing conflict regarding Plaintiff's requests for

annual leave, as well as allegations of ongoing conflict regarding Plaintiff's "disrespectful

and disruptive" body movements, which she attributes to a medical condition.[32]  Denial of

leave for medical appointment arguably is "like or reasonably related to" the claims

Plaintiff presented to the EEOC.[33]  The Court finds that this is a close call.  Having

concluded below that Count 3 should be dismissed on summary judgment, it opts not to

dwell on the nuances of subject matter jurisdiction of this issue.

---

[30]  Docket 1 at 13-17, 32, 47–49.

[31]  Docket 27 at 20.  Defendant asserts that Plaintiff's 2011 EEOC complaint was the only EEOC complaint in which she alleged discrimination on the basis of disability, and that "although [Plaintiff] amended her first EEOC complaint on November 16, 2011 and a second formal EEOC complaint on July 30, 2012, neither of those complaints nor their investigations contain allegations of discrimination on the basis of disability." *Id.*, citing Exhibits.

[32]  Docket 28-9 at 18–19 (Exhibit H).

[33]  *B.K.B.*, 276 F.3d at 1100.  Moreover, whether or not the EEOC actually investigated the alleged denial of leave is not relevant, provided the issue was raised.  *Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) (Finding that where the EEOC addressed only the plaintiff's sexual harassment allegations, and not plaintiff's claim of sex discrimination, the EEOC's failure to address the sex discrimination claim was irrelevant to the issue of exhaustion.  "The fact that no such investigation took place does not preclude federal court jurisdiction over this claim.")

*Thede v. Bernhardt*                                                                                    Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                            Page 6
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 6 of 19

# III. SUMMARY JUDGMENT

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[34]  The moving party bears the initial burden of proof for showing that no fact is in dispute.[35]  If the moving party meets that burden, then it falls upon the non-moving party to refute with facts that would indicate a genuine issue of fact for trial.[36]  When considering the evidence on a motion for summary judgment, courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing summary judgment.[37]

Title VII states that it is unlawful for an employer "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[38] Claims of employment discrimination on the basis of sex (Count 1), retaliation (Count 2), and disability (Count 3) are subject to the burden-shifting framework from *McDonnell Douglas Corp. v. Green*.[39]

First, a plaintiff must make out a *prima facie* case.  Once a *prima facie* case is made, a presumption of unlawful discrimination is created and the burden shifts to the defendant to articulate a "legitimate nondiscriminatory reason" for its action.  If the defendant meets that burden, the burden shifts back to the plaintiff to produce evidence

---

[34]  Fed. R. Civ. P. 56(a).
[35]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[36]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).
[37]  *Scott v. Harris*, 550 U.S. 372, 378 (2007).
[38]  42 U.S.C. § 2000e-2(a)(1).
[39]  411 U.S. 792 (1973).  Claims of hostile or abusive work environment (Counts 4 & 5) are analyzed under a different framework, as discussed below.

*Thede v. Bernhardt*                                                                                   Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                    Page 7
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 7 of 19

that the defendant's "proffered nondiscriminatory reason is merely a pretext for discrimination."[40] "As a general mater, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because 'the ultimate question is one that can only be resolved through a searching inquiry – one that is most appropriately conducted by a factfinder, upon a full record.'"[41]

Defendant seeks summary judgment on each of Plaintiff's claims, alleging failure to establish a *prima facie* case of discrimination on the basis of sex, retaliation, and disability. Defendant further argues that even if Plaintiff has established a *prima facie* case of any of the foregoing, it can articulate a legitimate, nondiscriminatory reason for its actions, and that Plaintiff fails to show pretext.[42]

## A. Plaintiff Fails to Make a *Prima Facie* Case of Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (Count 1)

Plaintiff alleges that

> Mr. Rielly, Mr. Kornfield, Mr. Tunstall, HR, Mr. Kieling, and Mr. Bathrick discriminated against Plaintiff by denying her the same terms and conditions of employment available to employees that are not female, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment, [and that as] a direct and proximate result of [their] unlawful and discriminatory conduct, Plaintiff suffered a heart attack, suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and

---

[40] *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1002 (9th Cir. 2019).

[41] *Chuang v. University of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000) (internal citation omitted).

[42] Docket 27.

*Thede v. Bernhardt*                                                                    Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                      Page 8
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 8 of 19

anxiety, loss of self-esteem, loss of selfconfidence [sic] and emotional pain and suffering.[43]

A *prima facie* case of sex discrimination based on disparate treatment has four prongs. Plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for her position and performing satisfactorily; (3) she experienced an adverse employment action; and (4) her employer treated her differently that a similarly situated employee who does not belong to the same protected class.[44] There is no dispute that, as a female, Plaintiff was a member of a protected class, or that she was qualified under the second prong. Whether or not she was performing "satisfactorily" appears to be disputed. But despite Defendant's arguments to the contrary, she clearly experienced an adverse employment action in the form of termination.[45] Accordingly, whether Plaintiff has shown a *prima facie* case of sex discrimination turns on the fourth prong: whether Defendant treated Plaintiff differently than a similarly situated employee who does not belong to the same protected class.

"Individuals are similarly situated when they have similar jobs and display similar conduct."[46] The degree of proof for a *prima facie* case is "minimal and does not even need to rise to the level of a preponderance of the evidence," but Defendant argues that Plaintiff still must produce "evidence, not just pleadings or argument."[47] Plaintiff has provided emails between her superiors discussing Plaintiff's perception of disparate

---

[43] Docket 1 at 53–54.
[44] *Weil*, 922 F.3d at 1003.
[45] Docket 27 at 24; Docket 46 at 9.
[46] *Vasquez v. City of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), as amended (January 2, 2004).
[47] Docket 27 at 24, *citing Weil*, 922 F.3d at 1003–04.

*Thede v. Bernhardt*                                                                                    Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                        Page 9
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 9 of 19

treatment between males and females in the workplace.[48]  It is clear from Plaintiff's EEOC complaints and other evidence she has provided that she believed—and her superiors were aware that she believed—that senior leadership treated male and female employees differently and engaged in discriminatory behavior toward women.[49]

Defendant argues that Plaintiff's broad assertion that she was "treated differently than male employees" is inadequate to satisfy the "similarly situated" requirement.[50]  Defendant maintains that, despite Plaintiff's feelings or beliefs, she has not identified a similarly situated male employee who did not suffer the same adverse action.[51] Indeed, all of the evidence cited above is based on Plaintiff's subjective *feelings* that she was treated differently because of her gender.  Her feelings are unsupported by any evidence that any similarly-situated male employee was treated differently.  Moreover, to the extent that Plaintiff suggests that she was sexually *harassed*, such harassment can be addressed under her claim for a hostile work environment.  The Court finds that Plaintiff has failed to make a *prima facie* case of sexual discrimination under Title VII.  Count 1 is accordingly dismissed.

---

[48]  Docket 42-103.

[49]  Docket 42-103 at 5.

[50]  Docket 27 at 24.

[51]  Docket 46 at 12.  Defendant disputes that Bussard, Russell, and Howell are similarly situated because they had different jobs with different responsibilities, and she has not shown that any of these men committed "problematic conduct of comparable seriousness."  Docket 46 at 13, citing *Vasquez*, 349 F.3d at 641.  But Defendant's focus on these individuals is misplaced, because they are the alleged *perpetrators* of the discrimination, rather than examples of similarly situated male employees.

*Thede v. Bernhardt*                                                                          Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                    Page 10
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 10 of 19

**B.      Plaintiff Fails to Make a *Prima Facie* Case of Vio1ation of the Rehabi1itation Act of 1973 (Count 3)**

The Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.,* incorporating the standards under Title 1 of the Americans With Disabilities Act of 1990, proscribes discrimination against a qualified individual with a disability because of the disability in regard to the terms, conditions, and privileges of employment.[52]   It further requires an employer to reasonably accommodate an employee's known disability unless the accommodation would impose an undue hardship on the employer.[53]   Here, Plaintiff alleges that four of the named defendants violated the Rehabilitation Act by "denying leave for medical appointments and, among other things, denying her the reasonable accommodation requested by her primary care physician for her painful medical condition requiring periodic movements such as shifting in her chair or shifting while standing to help alleviate some of her pain."[54]  She alleges that she received written warnings regarding her periodic movements, and that they were described as "a display of disrespectful, disruptive, and aggressive behavior."[55]

"To state a *prima facie* case for discrimination under the Rehabilitation Act, a plaintiff must demonstrate that (1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability."[56] Defendant does not appear to dispute that Plaintiff is a person with a disability, focusing

---

[52]   *See* 42 U.S.C. § 12112(a).
[53]   29 U.S.C. § 791(f); 42 U.S.C. § 12112(b)(5)(A).
[54]   Docket 1 at 55–56.
[55]   *Id*.
[56]   *Nunes v. Wal–Mart Stores, Inc.,* 164 F.3d 1243, 1246 (9th Cir.1999) (citing *Kennedy v. Applause,* 90 F.3d 1477, 1481 (9th Cir. 1996)).

*Thede v. Bernhardt*                                                                                  Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                    Page 11
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 11 of 19

instead on the argument that it accommodated her limitations as soon as it became aware that accommodation was necessary.[57]  But the Court concludes that Plaintiff has not established that she is a "person with a disability."  Under 42 U.S.C. § 12102(1), the term "disability" requires that Plaintiff must have "a physical or mental impairment that substantially limits one or more of the major life activities," or a record of such an impairment.  "'Substantially limits' is not meant to be a demanding standard," but "not every impairment will constitute a disability" under the ADA.[58]  "Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."[59]  Plaintiff alleges that she has a painful medical condition that requires her to shift in her seat or while standing to alleviate the pain.  Plaintiff's description of her unnamed medical condition does not describe "substantial limitation" to either of the major life activities of standing or sitting.  Rather, she suggests that the perception of her body language, *i.e.*, shifting she must do to alleviate pain, is misconstrued by her colleagues, and that she had difficulty getting approval for leave for medical appointments.

Furthermore, Plaintiff is not left without a remedy.  Plaintiff alleges ongoing conflict with her superiors from January 2011 until her May 3, 2013, termination, in the form of failure to approve leave for medical appointments, and "complications" regarding

---

[57]  Docket 27 at 39 ("Thede provides no evidence that OAS was aware of her disability or her request for this accommodation before January 4, 2011.  She also provides no evidence that OAS failed to provide her requested accommodation after she notified her supervisor of the need for an accommodation.")

[58]  29 C.F.R. § 1630.2(j).

[59]  42 U.S.C. § 12102(2)(A).

*Thede v. Bernhardt*                                                                 Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                    Page 12
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 12 of 19

appointments and FMLA issues following a heart-attack that "required HR intervention to resolve."[60]  To the extent that Plaintiff can prove the foregoing, she can seek redress under her claim for hostile work environment, rather than under the Rehabilitation Act.  Count 3 is dismissed.

## C.  Retaliation for Engaging in Protected Activities (Count 2)

### 1.  *Prima facie* case

The anti-retaliation provision of Title VII forbids employers from discriminating against employees because they "opposed any practice made unlawful by Title VII" or "made a charge, testified, assisted or participated in a Title VII proceeding or investigation."[61]  To prove a *prima facie* case of retaliation, Plaintiff must show that (1) she was engaging in a protected activity; (2) she suffered a materially adverse action or decision; and (3) a causal link exists between the protected activity and the materially adverse action or decision.[62]  Plaintiff claims that Defendant retaliated against her by "revealing to co-workers her charge of discrimination, subjecting her to numerous warning letters specifically addressing [her complaints]" and "progressive discipline to culminate in suspension and termination for engaging in protected activity."[63]

Defendant alleges a failure to satisfy the third prong of a *prima facie* case of retaliation, arguing that she cannot show a causal link between the protected activity and the adverse employment action.  "Removing her EEOC activity would not change the

---

[60]  Docket 40 at 70–76.
[61]  42 U.S.C. § 2000e-3(a).
[62]  *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).
[63]  Docket 1 at 54–55.

*Thede v. Bernhardt*                                                                                 Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                    Page 13
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 13 of 19

outcome of those letters or her suspension."[64] But Defendant's argument requires the Court

to assume the validity of its disciplinary actions against Plaintiff, all of which occurred

after she filed her EEOC claims. This argument conflates the first and second stages of the

*McDonnell Douglas* burden-shifting framework. After a plaintiff makes a *prima facie* case

of unlawful discrimination, the burden then shifts to the defendant to articulate a legitimate

nondiscriminatory reason for its action.[65] Plaintiff's alleged work behaviors do not

preclude a *prima facie* case; but, they are relevant to Defendant's burden to articulate a

legitimate nondiscriminatory reason for its disciplinary actions. At this juncture, the Court

cannot rule out a causal link between the protected activity and the subsequent materially

adverse employment actions against Plaintiff. This is particularly true in light of the timing

of the repeated reprimands following the filing of her 2011 EEOC complaint.[66]

Accordingly the burden shifts to Defendant.

### 2. Legitimate, non-discriminatory reasons

Having found that Plaintiff presents a *prima facie* claim of retaliation, the

burden shifts to Defendant to articulate a legitimate nondiscriminatory reason for its

actions.[67] A defendant accomplishes this by presenting reasons for its actions that, if

believed by the trier of fact, would support a finding that unlawful discrimination was not

the cause of the employment action. The employer need only articulate its reasons for its

---

[64] Docket 27 at 35.

[65] 411 U.S. 792 (1973).

[66] *See Williarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (Recognizing that "in some cases, causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity.").

[67] *Ray*, 217 F.3d at 1240.

*Thede v. Bernhardt*                                                                                                    Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                              Page 14
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 14 of 19

actions, not prove them.[68]  Defendant argues that it had legitimate, non-discriminatory

reasons for its actions, as highlighted in seven exhibits, all of which relate to Thede's

"inappropriate behavior" and include coworker complaints about Thede's disruptiveness.[69]

Defendant asserts that the letters reflect that Thede was a difficult employee who made

other employees' jobs more difficult and refused to follow supervisory directives.

Disciplining an employee for disruptiveness and attitude is legitimate and non-

discriminatory.[70]  Accordingly, the burden shifts back to Plaintiff.

### 3.    Pretext

Defendant having provided a legitimate, nondiscriminatory reason for its

actions, Plaintiff now "bears the ultimate burden of demonstrating that the reason was

merely a pretext for a discriminatory motive."[71]  A plaintiff may do this either with direct

evidence, or indirectly, with "circumstantial evidence."[72]  Direct evidence shows that a

discriminatory reason more likely motivated the employer, and "typically consists of

clearly sexist, racist, or similarly discriminatory statements or actions by the employer."[73]

Circumstantial evidence "requires an additional inferential step to demonstrate

discrimination," and can take two forms.  A plaintiff can make an affirmative case that the

---

[68] *Bd. of Trs. v. Sweeney*, 439 U.S. 24 (1978).

[69] *See* Docket 28, Ex. N (March 24, 2011, Letter of Counseling); Ex. R (April 29, 2011, Letter of Concern); Ex. S (April 29, 2011, Letter of Reprimand); Ex. V (May 12, 2011, Notice of Proposed Suspension); Ex. Y (June 27, 2011, Notice of five-day suspension); Ex. NN (April 16, 2012, Letter of Instruction).

[70] Docket 27 at 25–26 (citations omitted).

[71] *Ray*, 217 F.3d at 1240.

[72] *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

[73] *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005) (citations omitted).

*Thede v. Bernhardt*                                                                    Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                     Page 15
Case 3:17-cv-00249-RRB    Document 49    Filed 02/09/21    Page 15 of 19

employer is biased, or she can make her case negatively, by showing that the employer's proffered explanation for the adverse action is unworthy of credence."[74]

Defendant argues that because Plaintiff is relying upon circumstantial evidence, her "evidence must be both *specific and substantial* to overcome the legitimate reasons put forth by [the employer]."[75] Defendant argues that, while Plaintiff may believe that its actions were retaliatory, she cannot show that the explanation for issuing "warning letters . . . culminat[ing] in suspension" was a pretext for retaliation, because Defendant "has consistently explained that it issued those letters and suspended Thede because of her attitude and disruptiveness."[76]

Plaintiff has provided hundreds of pages of exhibits in support of her claims.[77] A cursory review of those exhibits reveals ongoing difficulties between Plaintiff and management, as evidenced by emails, letters, and summaries, the sum total of which leaves the Court with more questions than answers. An email from Harry Kieling, DOI Regional Director, memorializing a meeting with Plaintiff indicates concern about "the comments [Plaintiff] has made bout female discrimination in this latest discussion and in previous correspondence . . .," expressing that he found such allegations "personally and professionally offensive."[78] A similar email from Doug Drury to HR indicates his perception that Plaintiff "is afraid of being sidestepped in her [grievance] efforts and

---

[74] *Id.*

[75] *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 659 (9th Cir. 2002) (emphasis original) (citations omitted).

[76] Docket 27 at 37.

[77] *See* Docket 42, consisting of 103 exhibits.

[78] Docket 42-103 at 1.

*Thede v. Bernhardt*                                                        Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3          Page 16
Case 3:17-cv-00249-RRB    Document 49    Filed 02/09/21    Page 16 of 19

brushed aside as other females in this office feel they have been when bringing up actions and attitudes to the RD from other supervisors and employees."[79] Plaintiff's union representative, Shelley Cooper, memorialized two meetings she attended in early 2013, opining that management "was not interested in anything [Plaintiff] had to say about her own job," and opined that Plaintiff was "set up for failure."[80] She felt that management accused Plaintiff of "being inarticulate, thus blaming the victim for not being able to suggest a solution to her problems that management could not automatically deny."[81] Plaintiff expressed to her union rep that she believed the negative treatment "was in retaliation for her EEO complaint," concluding that she was not likely to get any relief from an immediate "escalating situation regarding the harassment she was suffering," because management felt she simply should add it to an existing EEO complaint.[82] In short, the possibility that Plaintiff was disciplined and ultimately terminated in retaliation for her numerous complaints to management, and subsequent EEOC complaints, is not so far-fetched as to warrant summary judgment.

## D.  Hostile and Abusive Work Environment (Counts 4 & 5)

Plaintiff alleges that her superiors engaged in behavior that constituted a hostile and abusive working environment in violation of Title VII, including sexual harassment by Mr. Rielly, and discrimination "based on her sex (female) by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or remedy a hostile work

---

[79] Docket 42-103 at 11.
[80] Docket 42-19.
[81] *Id.*
[82] Docket 42-19 at 3.

*Thede v. Bernhardt*                                                                                          Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                              Page 17
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 17 of 19

environment that included, among other things, severe and pervasive harassment because of her sex (female) and engaging in protected activity."[83]  She further alleges that her superiors failed to prevent her co-workers from causing similar harassment, constituting a hostile work environment.[84]

Claims of a hostile or abusive work environment are subject to a different analysis than the other claims in this case.  Title VII forbids only conduct that objectively is so severe or pervasive as to alter the conditions of a victim's employment.[85]  The Supreme Court has held that Title VII must not devolve into "a general civility code" for the workplace, and that the "objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'"[86]  But the Ninth Circuit clearly has discouraged improvident grants of summary judgment on the "sufficiently severe" issue:  "where the severity of frequent abuse is questionable, it is more appropriate to leave the assessment to the fact-finder than for the court to decide the case on summary judgment."[87]  In this case, the Court finds it significant that an outside Climate Assessment was required due to workplace dissatisfaction, resulting in a report in 2011 that found "a significant amount of unresolved conflict within the organization that is adversely affecting morale and communication."[88]

---

[83]  Docket 1 at 56.
[84]  Docket 1 at 57.
[85]  *Oncale v Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998).
[86]  *Id*.
[87]  *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1096 (9th Cir. 2008) (noting that "the required showing of severity . . . of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct."
[88]  Docket 28-17 at 3.

*Thede v. Bernhardt*                                                                Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                    Page 18
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 18 of 19

Although Plaintiff's claims may or may not ultimately persuade the trier of fact, when viewing the facts in the light most favorable to Plaintiff, the non-moving party, and for the reasons discussed elsewhere in this Order, the Court finds that Plaintiff has alleged sufficient facts to state a *prima facie* case of hostile work environment to survive summary judgment.[89]

## IV.   CONCLUSION

In light of the foregoing, Defendant's Motion for Summary Judgment at Docket 26 is GRANTED, in part, and DENIED, in part.   Plaintiff's claims for Sex Discrimination and Violation of the Rehabilitation Act are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 9th day of February, 2021, at Anchorage, Alaska.


*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[89]   *See Craig v. M&O Agencies, Inc.*, 496 F.3d 1047, 1057 (9th Cir. 2007).

*Thede v. Bernhardt*                                                                                        Case No. 3:17-cv-00249
Order Regarding Motion for Summary Judgment; Dismissing Counts 1 & 3                          Page 19
Case 3:17-cv-00249-RRB   Document 49   Filed 02/09/21   Page 19 of 19